# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

### DAWN ANN DAVIS V. DANIEL PACE GOODWIN

**Direct Appeal from the Chancery Court for Shelby County**
No. CH0218032    Kenny W. Armstrong, Chancellor

**No. W2012-00474-COA-R3-CV - Filed July 19, 2012**

Because the order appealed is not a final judgment, we dismiss this appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. HIGHERS, P.J.W.S., DAVID R. FARMER, J., AND HOLLY M. KIRBY, J.

Theodore Iver Jones, Memphis, Tennessee, for the appellant, Daniel P. Goodwin.

Adam Noah Cohen, Memphis, Tennessee, for the appellee, Dawn Ann Davis.

### MEMORANDUM OPINION[1]

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After this review, it appears to the Court that it does not have jurisdiction. This matter was previously before the Court as ***Dawn Ann Davis (Goodwin) v. Daniel Pace Goodwin***, docket number W2010-01340-COA-R3-CV. The Court's opinion was entered on December 23, 2010, and the Clerk issued the mandate on March 1, 2011. In our opinion, the Court determined that the parties' marital residence was the separate property of Appellant Dawn Ann Davis (Goodwin) ("Wife") and we remanded the matter to the trial

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

court for a determination as to whether Appellee Daniel Pace Goodwin ("Husband") substantially contributed to its preservation and appreciation.

On September 22, 2011, Wife filed a motion in the trial court to dismiss the pending claim for lack of prosecution and further requested an award of attorney fees and suit expenses. The trial court entered an order on October 14, 2011, granting Wife's motion to dismiss and amended the December 1, 2005 Amended Final Decree of Divorce to reflect that Wife retained entirely, as her separate property, the parties' marital residence. The trial court's order of October 14, 2011, did not address Wife's request for an award of attorney fees and suit expenses for bringing the motion.

Husband then filed a motion to set aside the dismissal on December 2, 2011, pursuant to Rule 60 of the Tennessee Rules of Appellate Procedure. The trial court denied the motion by order entered on February 13, 2012, and Husband filed his Notice of Appeal on March 5, 2012. There is nothing in the appellate record reflecting that the trial court ever adjudicated Wife's request for an award of attorney fees and suit expenses for bringing the motion to dismiss for lack of prosecution.

By Order entered on May 1, 2012, we directed Appellant to obtain entry of a final judgment within ten (10) days of the entry of that Order or else show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment within fifteen (15) days of the entry of that Order. Our Order of May 1, 2012, also provided "[f]ailure to respond to this order within the time provided herein could result in this appeal being dismissed without further notice."

On that same date, the Clerk of this Court transmitted a copy of our Order of May 1, 2012, to Appellant's counsel by certified mail, return receipt requested. The Clerk later received the return receipt indicating that Appellant's counsel received the mail parcel. As of this date, the Clerk of this Court has not received a supplemental record containing a final judgment for this matter nor has Appellant otherwise responded to our Order of May 1, 2002.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See Bayberry Assoc. v. Jones*, 783 S.W.2d 553 (Tenn. 1990).

## Conclusion

Because the trial court has not yet entered a final judgment, the appeal is dismissed and the case remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party,

consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellant, Daniel P. Goodwin, and the surety  for which execution may issue if necessary.

**PER CURIAM**